**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornelius Dozier, IV, | No. CV-15-477-TUC-JAS (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| S. Lake, | |
| Respondent. | |

On October 7, 2015, the petitioner, an inmate confined in the Federal Correctional Institution in Safford, AZ, filed the pending Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) The petitioner claims the Bureau of Prisons (BOP) is usurping the trial court's authority by setting a restitution payment schedule pursuant to the Inmate Financial Responsibility Program (IFRP).

Pursuant to the Rules of Practice of this Court, this matter was referred to the Magistrate Judge for a Report and Recommendation.

The petition should be denied on the merits. The BOP's actions are lawful.

Background

On October 6, 2014, Dozier was sentenced in U.S. District Court for the District of Arizona to 70 months' imprisonment for armed robbery. (Doc. 13-2, p. 2) The trial court further ordered Dozier to pay a $400 special assessment and $34,917.43 in restitution. (Doc.

13-2, p. 3) The court stated, "The defendant shall pay a total of $35,317.43 in criminal monetary penalties, due immediately." (Doc. 13-3, p. 3) The court continued, "If incarcerated, payment of criminal monetary penalties are [sic] due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program [IFRP]." *Id.*

In September of 2015, Dozier was placed on IFRP refuse status when he failed to make a scheduled $25 payment. (Doc. 13-2, p. 4) Dozier subsequently paid $50 to the court in October and $25 in December. *Id.* BOP staff reassessed Dozier's financial situation and proposed a new IFRP payment schedule of $30 per month, which Dozier accepted. *Id.*

Previously, on October 7, 2015, Dozier filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2241. (Doc. 1) He argues the BOP usurped the trial court's authority by setting a $30 per month restitution payment schedule pursuant to the IFRP. (Doc. 14, p. 2)

The respondent, Warden S. Lake, filed an answer on January 26, 2016. (Doc. 13) He argues the petition should be dismissed as moot, should be dismissed for failure to exhaust administrative remedies, or should be denied on the merits. *Id.* Dozier filed a reply to the respondent's answer on February 8, 2016. (Doc. 14) The court finds the petition should be denied on the merits. The court does not reach the respondent's alternative arguments.

Discussion

The Mandatory Victim Restitution Act (MVRA) requires the trial court to impose restitution when the defendant is convicted of certain specified offenses or when "an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1). The court must "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid" after considering the defendant's financial circumstances. 18 U.S.C. § 3664(f)(2). The trial court may not delegate its statutory duty to set a restitution schedule. *U.S. v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005).

1  Under its Inmate Financial Responsibility Program (IFRP), the BOP "encourages each
2 sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. To
3 this end, the BOP monitors each prisoner's resources and financial obligations and "assist[s]
4 the inmate in developing a financial plan for meeting those obligations. . . ." 28 C.F.R. §
5 545.10. If an inmate refuses to participate in the IFRP, the BOP may impose sanctions such as
6 restricting the inmate's access to the commissary or precluding the inmate from participating
7 in community-based programs. 28 C.F.R. § 545.11(d).

8  In this case, the trial court properly set restitution and a schedule for repayment under
9 the MVRA. The court stated that Dozier owed restitution in the amount of $35,317.43, which
10 shall be paid during a period of imprisonment "at the rate of not less than $25 per quarter and
11 payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program
12 [IFRP]." (Doc. 13-3, p. 3)  The BOP, in accordance with the IFRP, determined that Dozier
13 could increase his restitution payments from $25 per quarter to $30 per month. (Doc. 13-2, p.
14 4)  Dozier agreed to the increase presumably because he was informed that failure to agree
15 would result in sanctions in accordance with 28 C.F.R. § 545.11(d). Contrary to Dozier's
16 argument, the BOP has not unlawfully usurped the trial court's authority by setting a $30 per
17 month payment schedule.

18  In *Lemoine*, the Ninth Circuit addressed this issue holding that "the IFRP does not
19 constitute an unlawful delegation of authority to schedule restitution repayments in violation
20 of the MVRA." *U.S. v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008). The MVRA requires that
21 the sentencing court set a restitution schedule. *Id*. It does not, however, prevent the inmate
22 from voluntarily paying more than is required.  *Id*. That is what the IFRP is supposed to do
23 – encourage the inmate to pay as much as he can to address his financial obligations. *Id*. at
24 1046-47. And that is what the BOP did here – encourage Dozier to increase his payment to $30
25 per month. The BOP did not usurp the province of the trial court by concluding that Dozier
26 could and should increase his rate of payment to $30 per month.

27  Dozier also argues that the trial court failed to consider his financial condition when
28 making its restitution order. (Doc. 14, pp. 3-4) The trial court, however, explicitly stated that

it formulated its restitution order after "[h]aving assessed the defendant's ability to pay." (Doc. 13-3, p. 1)  And, Dozier presents no evidence to the contrary.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition on the merits.  (Doc.  1)

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.  The Local Rules permit a response to an objection but do not permit a reply to a response absent approval from the District Court.

DATED this 28th day of April, 2016.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge