IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornelius Dozier, IV,<br><br>          Petitioner,<br><br>v.<br><br>S. Lake,<br><br>          Respondent. | No. 4:15-CV-00477-TUC-JAS<br><br>**ORDER** |

      Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Leslie A. Bowman that recommends denying the petition on the merits. (Doc. 17). Petitioner filed an objection (Doc. 18), and Respondent filed a Reply to the Objection (Doc. 19).

      The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

      After reviewing Magistrate Judge Bowman's Report and Recommendation, the Court adopts the reasoning and conclusions of that report. In particular, the Court agrees with Judge Bowman's analysis concluding that this case is controlled by *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008). In that case, the Ninth Circuit explained that

      the BOP's operation of the IFRP does not constitute an unlawful delegation

of authority to schedule restitution repayments in violation of the MVRA. The MVRA requires the sentencing court to set a restitution repayment schedule. The sentencing court did that here. The MVRA does not prohibit an inmate from voluntarily making larger or more frequent payments than what was set by the sentencing court. Nor does it limit the authority of the BOP, through the IFRP, to offer incentives to inmates to pay their restitution obligations in larger amounts or at a faster rate than the court has required.

*Id.* at 1046.  The same reasoning applies here.  As Judge Bowman explains in her Report and Recommendation, the trial court set a restitution amount of $35,317.43 to be paid "at the rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program." (Doc. 13-3, p.3).  After an incident of non-payment, the Bureau of Prisons reassessed Petitioner's financial situation and determined that he could increase his payments to $30 per month.  Petitioner agreed to the new payment schedule.  Nothing in the Court's restitution order prevents the Bureau of Prisons and Petitioner from agreeing to a payment plan at a higher rate than that set by the trial court.

Based on these reasons, IT IS ORDERED THAT

(1) The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

(2) The Clerk is ordered to close the file in this case.

Dated this 21st day of September, 2016.

Honorable James A. Soto
United States District Judge